UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

William McDermott,

Plaintiff,

vs.

ORDER
and
REPORT AND RECOMMENDATION

Internal Revenue Service, Kansas City, MO; Mr. Ladd Ellis, or current director, Internal Revenue Service, Kansas City, MO; the United States; Minnesota Department of Revenue; State of Minnesota; County of Beltrami, MN; Social Security Administration, Office of Central Operations, Baltimore, MD,

Defendants.

Civ. No. 00-378 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 19th day of January, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Federal Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. See, Rules 12(b)(1), (b)(6), and 56, Federal Rules of Civil Procedure. A Hearing on the Motion was conducted on October 12, 2000, at which the Plaintiff appeared pro se; the

FILED JAN 19 2001
FRANCIS E. DOSAL, CLERK

Internal Revenue Service ("IRS"), Ladd Ellis, and the United States, appeared by Katja M. Eichinger, United States Department of Justice; the Social Security Administration appeared by Patricia R. Cangemi, Assistant United States Attorney; and the State of Minnesota appeared by Linda F. Close, Assistant Attorney General.

For reasons which follow, we recommend that the Defendants' Motions be granted, and this action, as to the Federal Defendants, be dismissed, because of the Court's lack of subject matter jurisdiction. See, Rule 12(b)(1), Federal Rules of Civil Procedure.[1]

---

[1]Also before the Court are the Plaintiff's Motions to Amend the Complaint in order to add Beltrami County, Minnesota, as a Defendant, and to enter a Default Judgment against the State Defendants. With respect to the Motion to Amend, we find a ruling to be unnecessary. We directed that the Plaintiff's Complaint to be served on May 8, 2000, after granting the Plaintiff's Motion to proceed in forma pauperis. The Plaintiff filed his Motion to Amend the Complaint, in order to add Beltrami County as a Defendant, on April 5, 2000. Thus, since the Motion to Amend was filed before the Plaintiff's Complaint was served, the Plaintiff need not have sought leave to file his Amended Complaint. See, Rule 15(a), Federal Rules of Civil Procedure ("A party may amend the party's pleading once as a matter of course * * * at any time within 20 days after it is served."). Moreover, the Defendant Beltrami County has already filed an Answer to the Amended Complaint. Therefore, the Motion to Amend the Complaint [Docket No. 6] is denied as moot.

As for the Motions for Default Judgment, the Plaintiff filed the Motions after the State of Minnesota, the Minnesota Department of Revenue, and Beltrami County, failed to respond to the Plaintiff's service of process within twenty days. While the non-Federal government parties should only have been allowed twenty
(continued...)

## II. Discussion

The Plaintiff is a pro se litigant who seeks a refund of all monies paid by him to the IRS, and to the Social Security Administration, beginning in 1955, inclusive of interest, costs, and punitive damages. He alleges that he was deceived by the Federal Government into believing that he was legally required to bear a Social Security number, and to pay Federal and State income taxes, and that these actions violate his right to Freedom of Religion, as secured by the First Amendment, his right to Due Process of Law, as

---

[1](...continued)
days in which to respond to the Summons, see Rule 12(a)(1)(A), Federal Rules of Civil Procedure, and the Federal parties should properly be afforded sixty days in which to respond to process, see Rule 12(a)(3), Federal Rules of Civil Procedure, an inadvertent mistake was committed by the Clerk of Court's office, and all parties received the Summons which allowed sixty-days for a response. See, Memorandum from Susan Anderson, Deputy-In-Charge, Clerk's Office, Duluth, Minnesota.

The Record reflects that the Minnesota Department of Revenue was served with process on May 30, 2000, and filed its Answer on July 19, 2000; the State of Minnesota was served with process on May 30, 2000, and filed its Answer on July 19, 2000; and Beltrami County was served with process on August 8, 2000, and filed its Answer on September 11, 2000. As a result, each of the non-Federal parties responded to process as had been directed, albeit mistakenly, by the Summons issued by the Clerk of Court. Under these circumstances, a grant of a Default Judgment would be an abuse of discretion as, improvidently, the Clerk of Court's office afforded the State Defendants a sixty day time-frame in which to respond to the Plaintiff's Amended Complaint. If error there be, it was the Defendant's error in following the directives of the Clerk of Court. Consequently, we recommend that the Plaintiff's Motion for Default Judgment against the non-Federal Defendants [Docket Nos. 8 and 26] be denied.

secured by the Fifth Amendment, and his right to be free from cruel and unusual punishment, as secured by the Eighth Amendment. The Plaintiff bases our jurisdiction on Title 42 U.S.C. §1983; Title 18 U.S.C. §§241 and 242; and Articles I and V of the United States Constitution.[2]

A. The Motion of the United States, the IRS, and Ladd Ellis, to Dismiss or, in the alternative, for Summary Judgment.

The United States, the IRS, and Ladd Ellis, seek the dismissal of the Plaintiff's action or the entry of Summary Judg-

---

[2]The Plaintiff may not properly predicate our jurisdiction over his claim on Title 18 U.S.C. §§241 and 242 as they are criminal statutes, and neither of these statutes confer a private right of action. See, United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998)("Courts repeatedly have held that there is no private right of action under §241, even though the statute allows federal authorities to pursue criminal charges."), citing Cox v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§241-242," as "[t]hese statutes do not give rise to a civil action for damages.").

In addition, the Plaintiff may not lawfully premise our jurisdiction over his claim, insofar as it is directed against the Federal Defendants, on Title 42 U.S.C. §1983, as Section 1983 focuses solely upon claims against individuals who act under color of **State** law. See, Williams v. Rogers, 449 F.2d 513 (8th Cir. 1971) ("[Section 1983] * * * is directed by its very terms to State wrongdoing, and there are specific holdings and other observations which indicate that it reaches State action only."). Rather, as we explain in the text of this Report, since this is a suit requesting the return of taxes paid, our jurisdiction, if any there be, arises under Title 28 U.S.C. §1346(a)(1)("The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.").

ment. In support of their Motion, these Federal parties claim that the Court lacks personal jurisdiction, and subject matter jurisdiction. Further, these Defendants underscore that the Federal income tax is constitutional and, therefore, the Plaintiff's suit is frivolous, as a matter of law. Since we conclude that we are without the requisite subject matter jurisdiction to consider the merits of the Plaintiff's claims against the Federal Defendants, we need not, and should not, address the other issues presented.

1. Standard of Review. As a Federal Court, we have limited jurisdiction, and may only hear matters which fall within our jurisdictional limits. See, Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993)("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."), citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), citing in turn, Marbury v. Madison, 5 U.S. [1 Cranch] 137 (1803). As a consequence, we have a primordial duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. See, Magee v. Exxon Corp., 135 F.3d

599, 601 (8th Cir. 1998); Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n. 3 (8th Cir. 1992).[3]

As a sovereign power, the United States may be sued only to the extent that it has consented to suit by Statute. See, United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992); United States v. Mitchell, 445 U.S. 535, 538 (1980). In granting its consent to be sued, the United States may attach such conditions, and limitations, as it deems proper, and strict compliance with those conditions is an absolute requirement. See, Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993)(holding that waiver of Federal Tort Claims Act sovereign immunity is conditioned upon strict compliance with exhaustion requirement). Waivers of sovereign immunity must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires. See, West v. Gibson, 527 U.S. 212 (1999); Depart-

---

[3]To succeed in a Motion to Dismiss for want of subject matter jurisdiction under Rule 12(b)(1), the challenging party must successfully attack the Complaint, either on its face or on the factual truthfulness of its averments. See, Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, "we accept all of the factual allegations in the Complaint as true and ask whether, under those circumstances, [Federal subject matter jurisdiction exists]." See, Deuser v. Vecera, 139 F.3d 1190, 1191 (8th Cir. 1998), quoting Berkovitz v. United States, 486 U.S. 531, 540 (1988). A District Court also has the authority, in a Rule 12(b)(1) Motion challenging subject matter jurisdiction, to consider matters outside of the pleadings. Id. at 1191 n. 3, quoting Drevlow v. Lutheran Church Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993).

ment of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999); United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). Ultimately, when the sovereign consents to be sued, the terms of the waiver of sovereign immunity establish the parameters of the Court's jurisdiction. See, Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996); United States v. Mottaz, 476 U.S. 834, 841 (1986); United States v. Sherwood, 312 U.S. 584, 586 (1991).

2. Legal Analysis. To successfully establish Federal subject matter jurisdiction over this tax refund suit, the Plaintiff must affirmatively demonstrate that he has met the conditions, and requirements, which are necessary to the United States' waiver of sovereign immunity. See, Ohio National Life Ins. Co. v. United States, 922 F.2d 320, 324 (6th Cir. 1990); Watts v. Internal Revenue Service, 925 F. Supp. 271, 275 (D.N.J. 1996). The Plaintiff has failed to sustain that burden.

Although the Plaintiff does not claim it as a basis for this action, Title 28 U.S.C. §1346(a), which permits suits against the Federal Government for the recovery of taxes "erroneously or illegally assessed or collected," and Section 7422 of the Internal Revenue Code, Title 26 U.S.C. §7422, which provides the same relief, waive the sovereign immunity of the United States so as to permit civil actions, in the United States Courts, for the refund of Federal income taxes. As stated by the Supreme Court, these

sections must be read in concert, giving full effect "to provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain limitations." United States v. Dalm, 494 U.S. 596, 599 (1990). The Plaintiff runs afoul of two important restrictions on his right to seek redress in Federal Court -- namely, exhaustion and full payment.

The waiver of Federal sovereign immunity is conditioned upon administrative exhaustion, as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected, **until a claim for refund or credit has been duly filed with the Secretary**, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Title 26 U.S.C. §7422(a).

In addition, a refund suit may not be filed earlier than six months after the filing of the administrative claim for refund, unless the Secretary renders a decision within that time. See, Title 26 U.S.C. §6532. The timely filing of a refund claim that complies with IRS Regulations is, under established precedent, a non-waivable, jurisdictional prerequisite to the maintenance of a tax refund suit. See, Chernin v. United States, 149 F.3d 805, 813 (8th Cir. 1998), citing United States v. Dalm, supra at 602, and United States v. Kales, 314 U.S. 186, 193 (1941); Ahmed v. United States,

147 F.3d 791, 795 (8th Cir. 1998); Bohn v. United States, 467 F.2d 1278, 1279 (8th Cir. 1972).

The Plaintiff does not allege any attempted compliance with the exhaustion prerequisites required for bringing a refund suit, as he has not provided evidence that he sought a formal refund[4] of his taxes, except, apparently, for the year of 1955.[5] As such, he has not proved, as he is required to do, that he exhausted his administrative remedies and, therefore, subject matter jurisdiction does not lie with this Court, since there has been no waiver of Federal sovereign immunity.

The Plaintiff also stumbles on a second jurisdictional hurdle, since he has neglected to make a full payment of his 1995 Federal income tax liability, before he filed this action. The Supreme

[4]The Regulations state that a "claim must set forth in detail each ground upon which a * * * refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof * * *," and "[a] claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit." Treas. Reg. (26 C.F.R.) §301.6402-2(b)(1); see also, In re Ryan, 64 F.3d 1516, 1521 (11th Cir. 1995)("crystal clarity" is not required, only the "essential elements" of each refund demand).

[5]The Plaintiff has alleged that in 1955, he submitted a claim for refund of all the taxes he paid during that year -- an amount, apparently, that would total approximately $600.00. He did receive a refund of about $165.00. See Complaint, at 6. With regard to his claim, there is a two-year statute of limitation from the date of the notice of disallowance to bring suit, which has long since expired. See Title 26 U.S.C. §6532(a). Therefore, even if he had satisfied the exhaustion requirement for the year of 1955, the claim would be time-barred.

Court considers a tax refund suit to be "a postdeprivation remedy, available only if the taxpayer has paid the Government in full." United States v. Williams, 514 U.S. 527, 538 (1995), citing Flora v. United States, 362 U.S. 145 (1960). The Plaintiff has not shown that he has paid the full amount of the Federal income tax which had been assessed against him, and for which he now seeks a refund. As of February 3, 2000, with additional assessments having been made against the Plaintiff for the 1995 taxable year, the Plaintiff owed $18,395.09 in unpaid Federal income taxes for that year. See, Notice of Intent to Levy for Failure to Pay Federal Tax, dated February 3, 2000, Attachment P-4 to Complaint. Unless and until the Plaintiff has fully paid his taxes for 1995, subject matter jurisdiction over his refund suit does not lie. See, e.g., Horkey v. United States, 715 F. Supp. 259, 260 (D. Minn. 1989); Humphreys v. United States, 62 F.3d 667, 672 (5th Cir. 1995); Batt v. United States, 976 F. Supp. 1095, 1097 (N.D. Ohio 1997); Escobar v. Commissioner of Internal Revenue, 967 F. Supp. 214, 216 (W.D. Tex. 1997).

Having failed to strictly comply with the conditions precedent to the United States' waiver of sovereign immunity, the Plaintiff is not entitled to a judicial redress of his tax refund claims, and this action must be dismissed without prejudice, for want of sub-

ject matter jurisdiction.[6] Where the jurisdictional threshold has not been successfully scaled, the Court has no occasion to address the merits, let alone pronounce upon the constitutionality of a challenged law. See, Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). We point out, however, that the Plaintiff's claim, that the Federal income tax is unconstitutional, is so at odds with controlling precedent that it rises to nor more than a frivolous contention. The Federal income tax, as a non-voluntary tax system, is unquestionably constitutional. See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1994); Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1992); Hansen v. United States, 744 F.2d 658, 660 (8th Cir. 1984); Hayward v. Day, 619 F.2d 716, 717 (8th Cir. 1980); Broughton v. United States, 632 F.2d 706, 707 (8th Cir. 1980). While what we say in this respect is merely advisory, the Plaintiff strikes us as well-intended, and forthright, if misguided, and we wish to make clear that, should he intend to press his position, after exhausting his remedies with

[6]The Plaintiff has also filed a Motion to Dismiss the United States Attorney as attorney for the IRS, and for Ladd Ellis, as he contends that the IRS is a private entity. While the argument is implausible at best, and certainly not supported by the Record presented, we need not decide the issue, as its substance has been mooted by our recommended dismissal of the claims against the IRS and Ladd Ellis. Therefore, we deny the Plaintiff's Motion to Dismiss the United States Attorney, as the attorney for the IRS, and for Ladd Ellis [Docket No. 20], as moot.

the IRS, and paying his taxes in full, he is not likely to find success, at least as his arguments are presently framed.[7] See, Maruska v. United States, 77 F. Supp.2d 1035, 1040 (D. Minn. 1999)(under closely paralleling facts, dismissing a tax refund

---

[7]Although we are recommending that the action be dismissed, without prejudice, we would caution the Plaintiff, if he decides to reinitiate his suit, that the proper Federal Defendant is the United States. As expressed in Jibunor v. I.R.S. and United States Government, 1994 WL 317637 at *2 (D. Minn., March 07, 1994):

> The Internal Revenue Service, an agency of the United States Government, can be sued in its own name only if Congress has explicitly waived sovereign immunity or if the agency is the offspring of a suable entity. Blackmar v. Guerre, 342 U.S. 512, 515, 72 S.Ct. 410, 412 (1952); see Afton Alps v. United States, 392 F. Supp. 543, 547 (D. Minn.1974). Congress has not waived sovereign immunity for either the Department of the Treasury or the Internal Revenue Service. Castleberry v. Alcohol, Tobacco and Firearms Div., 530 F.2d 672, 673 n. 3 (5th Cir.1976); Gibbs v. Commissioner, IRS, 673 F. Supp. 1088, 1090 (N.D. Ala.1987); Krouse v. United States Gov't Treasury Dep't, IRS, 380 F. Supp. 219, 221 (C.D. Cal.1974). Accordingly, the Court determines that it does not have jurisdiction over the Internal Revenue Service.

See also, Caparaso v. Comm'r, 907 F. Supp. 1235, 1238 (N.D. Ind. 1995)("These cases clearly hold that the Internal Revenue Service is not an entity subject to suit. Although the cases do not discuss whether the Commissioner of Internal Revenue may be sued, it is clear that where, as here, the relief sought against an employee of the United States acting in furtherance of his statutory powers is, in reality, sought against the United States, the action will be deemed to be against the United States itself." [citations omitted]).

action for failure to comply with statutory exhaustion and refund preconditions to suit).

B. The Motion of the Social Security Administration to Dismiss

The Social Security Administration also seeks a dismissal of the Plaintiff's action, and also claims that we are without the requisite subject matter jurisdiction to consider the Plaintiff's claim. We agree.

Although the Plaintiff is requesting a return of all the "social security taxes" he has paid, as well as any employer contributions, that tax, which is known as the Federal Insurance Contributions Act ("FICA"), is collected by the IRS, and not by the Social Security Administration. See, Title 26 U.S.C. §3101 (setting the rate of tax for the "old-age, survivors, and disability insurance"); Title 26 U.S.C. §6301 ("The Secretary [of the Treasury] shall collect the taxes imposed by the internal revenue laws.") Title 42 U.S.C. §401 (directing the tax collected under Title 26 U.S.C. §3101 be placed in the "Federal Old-Age and Survivors Insurance Trust Fund."). Therefore, as we have previously explained, any suit for the return of those tax proceeds should also be properly brought under Title 28 U.S.C. §1346(a). However, the Social Security Act, Title U.S.C. §405(h), specifically states that "[n]o action against the United States, the Commissioner of

Social Security, or any other officer or employee thereof shall be ground under section 1331 or 1346 of title 28, United States Code, to recover any claim arising under this title." Thus, the Social Security Administration cannot be sued for the return of the FICA taxes that may have been imposed upon the Plaintiff. Therefore, the Social Security Administration's Motion to Dismiss should also be granted, with prejudice.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend his Complaint, in order to add Beltrami County as a party [Docket No. 6], is DENIED, as moot.

2. That the Plaintiff's Motion to Dismiss the United States Attorney as attorney for the IRS, and for Ladd Ellis [Docket No. 20], is DENIED, as moot.

AND, It Is --

RECOMMENDED:

1. That the Motion of the United States, the IRS, and Ladd Ellis, to Dismiss the Plaintiff's action against the Federal Defendants [Docket No. 14] should be granted, but without prejudice, as this Court is without the requisite jurisdiction to consider the subject matter of his claims.

2. That the Motion of the Social Security Administration to Dismiss [Docket No. 17], be granted with prejudice.

3. That the Plaintiff's Motions for Default Judgment against the State of Minnesota, the Minnesota Department of Revenue, and Beltrami County [Dockets Nos. 8 & 26], be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 5, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than February 5, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.