UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

William McDermott,

Plaintiff,

vs. MINUTE ORDER

Internal Revenue Service, Kansas City, MO; Mr. Ladd Ellis, or current director, Internal Revenue Service, Kansas City, MO; the United States; Minnesota Department of Revenue; State of Minnesota; County of Beltrami, MN; Social Security Administration, Office of Central Operations, Baltimore, MD,

Defendants. Civ. No. 00-378 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of January, 2001.

* * *

On January 25, 2001, the Court heard argument on the State Defendants' Motion for Summary Judgement, as well as the Plaintiff's Motion for equitable relief.[1] During the course of the Hearing, the Plaintiff requested the Court to provide him, at no cost, a transcript of our earlier Hearing on the Federal Defen-

---

[1]The substance of these Motions has been taken under advisement, and we issue this Order so as to timely address the Plaintiff's request for a transcript of our prior Hearing on the Federal Defendant's Motion for Dismissal, or for Summary Judgment.

FILED JAN 25 2001
FRANCIS E. DOSAL, CLERK

dants' dispositive Motions, which was conducted on October 12, 2000.

On January 19, 2001, we issued a Report which recommended that the Federal Defendants' Motions to Dismiss the Plaintiff's claims be granted, as to them. The parties' objections to that Recommendation are due on or before February 5, 2001. The Plaintiff is of the view that, because he appears in forma pauperis, the United States Government is obligated to fund the costs of a transcript, so as to aid any appeal he may take to the District Court. Our review of Title 28 U.S.C. §1915 satisfies us that we are without jurisdiction to consider the Plaintiff's request. In pertinent part, Section 1915(c) provides as follows:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of * * * preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title * * *."

See, Title 28 U.S.C. §1915(c).

Accordingly, any request for a transcript of our earlier Hearing should be directed to the District Court, the Honorable Michael J. Davis presiding, who will consider any objections that may be

filed, by any party, to our previous Report and Recommendation. Therefore, we defer a ruling to the District Court.[2]

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's request that the United States Government provide him with a transcript of the Hearing of October 12, 2000, without cost to him, is DENIED, without prejudice to its renewal before the District Court.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[2]While we express no view on the need for a transcript in order to advance any objections that the Plaintiff may have to our Report and Recommendation, we would note that the Hearing of October 12, 2000, solely addressed issues of law, as no testimony was offered, or taken.